UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

DARRELL L. TATE,

    Petitioner,

V.

USA, et al.,

    Respondents.

Civil Action No. 6: 21-105-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Proceeding without an attorney, Petitioner Darrell L. Tate has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 8].[1] By prior Order, the Court granted Tate's motion to proceed *in forma pauperis* and waived payment of the $5.00 filing fee. [R. 11] Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

At the time that Tate filed his § 2241 petition, Tate was a federal pretrial detainee confined at the Laurel County Detention Center in London, Kentucky. On February 17, 2021, a federal grand jury in the United States District Court for the Eastern District of Tennessee issued an

---

[1] Tate originally filed two separate handwritten documents, both styled as a "writ of habeas." [R. 1, 5] However, by prior Order, the Court instructed that Tate may not file his habeas petition piecemeal by presenting his claims and supporting factual allegations in multiple documents, but he must instead include all of his arguments for relief in one petition using the Court-approved form. [R. 7] He has now filed a single petition on the Court's form in compliance with this Order. [R. 8]

Indictment charging Tate with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One); one count of possession with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Two); and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three). At the time that the Indictment was issued, Tate was in the custody of the Chief Jailer of Trousdale County at the Trousdale Turner Correctional Center in Hartsville, Tennessee. Thus, a writ of habeas corpus *ad prosequendum* was issued by the federal court in Tennessee on May 11, 2021. On June 8, 2021, Tate appeared in federal court pursuant to the writ for his Initial Appearance and Arraignment. Tate waived the right to a detention hearing, reserving the right to move for a detention hearing at a late date. *See United States v. Darrell Lee Tate*, No. 3:21-cr-016-RLJ-DCP (E.D. Tenn. 2021) at R. 1, 6, 7, 9, 13, 14.[2]

On September 9, 2021, pursuant to a plea agreement with the United States, Tate pled guilty to Counts Two and Three of the Indictment. *Id*. at R. 21, 23. As part of the plea agreement, Tate agreed that he will "not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack [his] conviction(s) or sentence," except for a § 2255 motion as to prosecutorial misconduct or ineffective assistance of counsel. *Id*. at R. 21, p. 7-8. On January 11, 2022, Tate was sentenced to a term of imprisonment of 5 years on Count Two and 5 years on Count Three, to run concurrently for a total term of imprisonment of 5 years. Count One was dismissed upon a motion by the United States. *Id*. at R. 34.

In his § 2241 petition filed in this Court, Tate claims that he "was not granted a pre-transfer hearing at which point for me to answer to or contest the detainer lodged against me and to be able

---

[2] The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

2

to request final disposition of said indictment. I was never informed of the source and contents of any detainer." [R. 8 at p. 5] Tate claims that the denial of a pre-transfer hearing violates his due process rights. [*Id.*] Tate provides no further explanation of the legal or factual basis for his claim, although his prior pleadings indicate that he believes that his transfer from State to federal custody violated his rights under the Interstate Agreement on Detainers Act ("IAD" or "IADA"). [R. 1, 5] As relief, he seeks dismissal of his federal criminal charges with prejudice "and since Tennessee released me to respondents' custody, they forfeited their right of custody of petitioner." [R. 8 at p. 8] However, Tate's § 2241 petition will be denied because it is apparent that he is not entitled to relief.

As an initial matter, Tate was previously instructed that his § 2241 petition must include all of his arguments for relief in one petition. [R. 7 at n. 2] Notwithstanding the Court's clear and specific instructions, Tate's re-filed § 2241 petition makes no real effort to articulate the factual or legal basis for his claims, much less set forth grounds that would justify the drastic relief that he seeks. Although the Court has an obligation to liberally construe a petition filed by a person proceeding without counsel, "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). *See also Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Tate's failure to identify the basis for his claim alone justifies dismissal of his petition.

However, in light of Tate's *pro se* status, the Court will consider Tate's prior invocation of his rights under the IAD, an interstate compact entered into by the federal government and compacting states which "creates uniform procedures for lodging and executing a detainer, i.e., a

3

legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime." *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001). However, federal habeas relief under 28 U.S.C. § 2241 is not available based upon an asserted violation of the IAD unless "the error qualifies as a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994). See also *Everett v. Bergh*, 477 F. App'x 325, 327 (6th Cir. 2012) (recognizing that petitioner's claim that "the State violated the [IAD] by returning him to federal custody without trying him first and by taking too long to bring him to trial" is not cognizable on federal habeas review); *Curtis v. United States*, 123 F. App'x 179, 184–85 (6th Cir. 2005) ("[A]lleged violations of the Interstate Agreement on Detainers are not cognizable under either Section 2254, relating to state proceedings, and Section 2255, relating to federal proceedings … the same logic applies to claims under § 2241 regarding alleged violations of the compact on detainers."); *Metheny v. Hamby*, 835 F.2d 672 (6th Cir. 1987) ("[A] claimed violation of Article IV(e) of the IAD is not a fundamental defect which is cognizable under 28 U.S.C. § 2254.").

Here, Tate makes no allegation that an IAD violation has caused him any actual prejudice with respect to either his state or federal charges, nor is such prejudice otherwise evident to the Court. *Mars v. United States*, 615 F.2d 704, 707 (6th Cir. 1980) (where the petitioner "failed to demonstrate that the transfers between state and federal custody caused him any actual prejudice," his IAD claims are not cognizable under a motion for § 2255 relief).[3] Because Tate fails to point

---

[3] In fact, to the extent that Tate seeks relief from his federal conviction due to an IAD violation via his request for dismissal of his federal criminal charges [R. 8 at p. 8], he appears to have waived his right to do so in his plea agreement. See *United States v. Darrell Lee Tate*, No. 3:21-cr-016-RLJ-DCP (E.D. Tenn. 2021) at R. 21, p. 7-8 (agreeing "not to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack [his] conviction(s) or sentence").

to any harm resulting from an IAD violation, he does not demonstrate that any such violation qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure," as is required for habeas relief. *Reed*, 512 U.S. at 348.

More critically, Tate's claims fail because Tate was not transferred from state to federal custody pursuant to a detainer; rather, he was transferred pursuant to a writ of habeas corpus *ad prosequendum*. *See United States v. Darrell Lee Tate*, No. 3:21-cr-016-RLJ-DCP (E.D. Tenn. 2021) at R. 7. The provisions of the IAD "are triggered only when a 'detainer' is filed with the custodial (sending) State by another State (receiving) having untried charges pending against the prisoner; to obtain temporary custody, the receiving State must also file an appropriate 'request' with the sending State." *United States v. Mauro*, 436 U.S. 340, 343–44 (1978). However, "a writ of habeas corpus *ad prosequendum* is not a detainer for purposes of the [IAD]." *Id*. at 361. *See also United States v. Crozier*, 259 F.3d 503, 513 (6th Cir. 2001) (because the United States need not file a detainer in order to obtain custody over a state prisoner, and may instead seek a writ of habeas corpus *ad prosequendum*, it is not bound by the IAD's requirements unless it chooses to file a detainer); *Nettles v. Newaygo Cty. Jail*, No. 1:21-CV-997, 2021 WL 5772315, at *4 (W.D. Mich. Dec. 6, 2021) ("When the United States obtains a state prisoner by means of a writ of habeas corpus *ad prosequendum*—and does not also file a detainer—the provisions of the IAD simply do not apply.") (citing *Mauro*). Thus, because Tate was temporarily transferred to federal custody

---

Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir.) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). *See also Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

via a writ of habeas corpus *ad prosequendum*, and not pursuant to a detainer, the IAD does not apply.

Finally, according to the Sentencing Memorandum filed by Tate's counsel in his federal criminal case, Tate was in Tennessee custody for violations of probations in Hawkins County (Tennessee) case numbers 13-cr-229 and 14-cr-076. *See United States v. Darrell Lee Tate*, No. 3:21-cr-016-RLJ-DCP (E.D. Tenn. 2021) at R. 32. To the extent that Tate is somehow challenging a detainer filed by the State of Tennessee, the IAD does not apply where the detainer is not based upon an original criminal charge, but for an alleged violation of the terms of probation or parole. *Carchman v. Nash*, 473 U.S. 716, 726 (1985) ("We therefore conclude from the language of the Agreement that a detainer based on a probation-violation charge is not a detainer based on 'any untried indictment, information or complaint,' within the meaning of Art. III [of the IAD]."). *See also White v. United States*, No. 96-1298, 1997 WL 205615, at *2 (6th Cir. 1997) ("White was not protected by the IAD because the IAD did not apply to the parole violation charges.").

Regardless, because Tate was transferred to federal custody via a writ of habeas corpus *ad prosequendum*, and not pursuant to a detainer, the IAD does not apply. Nor did Tennessee forfeit its right to custody over him, as Tate claims in his petition. Rather, pursuant to the writ, Tate was "merely 'on loan' to the federal authorities,' with the State retaining primary jurisdiction over [him]." *United States v. White*, 874 F.3d 490, 507 (6th Cir. 2017) (quoting *United States v. Casas*, 425 F.3d 23, 27 (1st Cir. 2005)). For all of these reasons, Tate is not entitled to habeas relief.

Accordingly, it is **ORDERED** as follows:

1. Tate's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 8] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.       A corresponding judgment will be entered this date

This the 10th day of March, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY